**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**INDICTMENT FOR HEALTH CARE FRAUD,
CONSPIRACY TO VIOLATE THE FEDERAL CONTROLLED SUBSTANCES ACT,
POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE,
AND NOTICE OF FORFEITURE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 18- 84-JWD-RLB |
| | : | |
| | : | 18 U.S.C. § 1347 |
| | : | 21 U.S.C. § 846 |
| *versus* | : | 21 U.S.C. § 843(a)(3) |
| | : | 21 U.S.C. § 841(a)(1) |
| | : | 18 U.S.C. § 982(a)(7) |
| | : | 21 U.S.C. § 853 |
| | : | |
| CHRISTOPHER WILLIAM ARMSTRONG | : | **UNDER SEAL** |

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

**Background**

1. TRICARE, administered by the United States Department of Defense, was a federal health care benefit program that provided health care benefits to members of the United States military, as well as to their families, in addition to military retirees.

2. TRICARE was a "health care benefit program" within the meaning of Title 18, United States Code, Section 24(b).

3. Individuals who qualified for TRICARE benefits were commonly referred to as "beneficiaries."



AUSA Group
Sumner
USM - Certified

4. Medical service providers, including clinics, physicians, nurse practitioners, and pharmacies ("service providers"), meeting certain criteria, could provide medical services to TRICARE beneficiaries, and subsequently submit claims, either electronically or in hardcopy, to TRICARE seeking reimbursement for the cost of services provided.

5. In addition to other benefits, TRICARE provided prescription drug coverage to eligible beneficiaries through its pharmacy program.

6. For prescription drugs to be appropriately reimbursed, TRICARE required that these drugs be dispensed pursuant to valid prescriptions and be medically necessary for the treatment of covered illnesses of the covered beneficiary. In other words, TRICARE would not reimburse prescription drugs which were not medically necessary or dispensed without a valid prescription.

7. TRICARE's pharmacy program was administered by Express Scripts, a Pharmacy Benefit Manger, whose responsibility was to receive, adjudicate, and pay TRICARE claims submitted by service providers or beneficiaries.

8. Regardless of where service providers provided pharmacy benefits, Express Scripts necessarily adjudicated claims submitted electronically in Piscataway, New Jersey, and claims submitted in hardcopy in Lexington, Kentucky. In other words, whether electronic or hard copy, claims submitted by service providers located in Louisiana necessarily traveled in interstate commerce to be adjudicated by Express Scripts.

**The Defendant and Relevant Entity**

9. Louisiana Spine & Sports, LLC ("Louisiana Spine & Sports") was a Louisiana Limited Liability Company, incorporated in 1998 and headquartered at 4545 Bluebonnet Boulevard, Baton Rouge, Louisiana.

10. Louisiana Spine & Sports, through its physician owners and employees, provided pain management services to individuals suffering from both acute and chronic pain by, among other methods, prescribing controlled substances, including Schedule II and Schedule III controlled substances, such as oxycodone and hydrocodone, respectively.

11. In approximately 2009, Louisiana Spine & Sports converted its prescription writing practice to an electronic computer system ("System") in an effort to combat fraud associated with paper prescriptions. Physicians, physician's assistants ("PAs"), and nurses had the ability to log into the System, using unique usernames and passwords, and create and print prescriptions. The System not only recorded which user logged into the System, but also recorded each entry created by the specific user, including the creating, printing, and deleting of prescriptions.

12. **CHRISTOPHER WILLIAM ARMSTRONG**, a Louisiana licensed physician's assistant ("PA") since February 2003, was employed by Louisiana Spine & Sports from approximately August 2004 through approximately January 2014. Prior to October 2010, **ARMSTRONG**, as a PA, had the authority to prescribe medication, including controlled substances; however, in October 2010, **ARMSTRONG** surrendered his prescribing authority. Nevertheless, in his role as a PA, **ARMSTRONG** had the ability, via the System, to create

prescriptions for controlled substances, including hydrocodone and oxycodone, to assist the practicing physicians in expediting the Louisiana Spine & Sports prescription process. In other words, to assist the physicians in prescribing controlled substances to patients, Louisiana Spine & Sports' PAs, including **ARMSTRONG**, had the ability to log into the System and create the necessary prescription for the prescribing physician's signature.

**COUNTS 1-3**
**Health Care Fraud**
**(18 U.S.C. § 1347)**

13. Paragraphs 1 through 12 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

14. On or about the dates set forth below, in the Middle District of Louisiana, and elsewhere, the defendant, **CHRISTOPHER WILLIAM ARMSTRONG**, aided and abetted by others known and unknown to the Grand Jury, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme or artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, TRICARE, and obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of TRICARE, in connection with the delivery of and payment for health care benefits, items, and services.

15. It was part of the scheme that the defendant, as an employee of Louisiana Spine & Sports, logged into the System and, without authorization, created prescriptions for controlled substances, including oxycodone and hydrocodone, in the names of certain

individuals, including TRICARE beneficiary G.A., which were purportedly prescribed by a Louisiana Spine & Sports' physician ("Fraudulent Prescriptions").

16. It was further part of the scheme that the defendant printed the Fraudulent Prescriptions and either forged the signatures of Louisiana Spine & Sports physicians thereon or surreptitiously had Louisiana Spine & Sports physicians unwittingly sign the Fraudulent Prescriptions.

17. It was further part of the scheme that the defendant provided the Fraudulent Prescriptions to specific individuals, including TRICARE beneficiary G.A., and further directed these individuals to fill the Fraudulent Prescriptions at pharmacies to obtain controlled substances.

18. It was a further part of the scheme that the defendant directed these individuals, including TRICARE beneficiary G.A., to return the dispensed controlled substances, including oxycodone and hydrocodone, to the defendant.

19. It was further part of the scheme that the defendant encouraged specific individuals to use their health insurance to fill the Fraudulent Prescriptions, and knew that at least one individual, namely, TRICARE beneficiary G.A., used TRICARE to fill the Fraudulent Prescriptions to obtain controlled substances, including hydrocodone.

20. It was further part of the scheme that the defendant agreed to pay and paid cash to specific individuals for obtaining and delivering the controlled substances, including oxycodone and hydrocodone, to the defendant.

21. It was further part of the scheme that the defendant deleted the records of the Fraudulent Prescriptions from the System in an effort to conceal the creation of the Fraudulent Prescriptions.

22. It was further part of the scheme, based on pharmacies receiving the Fraudulent Prescriptions and, consequently, dispensing controlled substances, including hydrocodone, that the defendant caused the following false and fraudulent claims to be submitted by pharmacies, located in the Middle District of Louisiana, to TRICARE:

| Count | Bene-ficiary | Claimed Service Service | Claim Number | Approx. Claim Date | Amount Billed | Amount Paid |
|---|---|---|---|---|---|---|
| 1 | G.A. | Prescription Drugs - Hydrocodone | 2013198LAKX RTL1004305 | 07/17/2013 | $130.70 | $97.60 |
| 2 | G.A. | Prescription Drugs - Hydrocodone | 2013231LA67P WP3050735 | 08/19/2013 | $130.70 | $97.60 |
| 3 | G.A. | Prescription Drugs - Hydrocodone | 2013265LA7Y RCC4727495 | 09/22/2013 | $130.35 | $97.50 |

Each of the above is a violation of Title 18, United States Code, Section 1347 and 2.

**COUNT 4**
**Conspiracy to Violate Controlled Substance Act**
**(21 U.S.C. § 846)**

23. Paragraphs 1 through 12 and 15 through 21 of the Indictment are realleged and incorporated by reference as though fully set forth herein.

24. Beginning in or around May 2009, and continuing through in or around March 2014, in the Middle District of Louisiana, and elsewhere, the defendant, **CHRISTOPHER WILLIAM ARMSTRONG,** did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to commit certain offenses against the United States, namely:

a. to acquire and obtain possession of a mixture and substance containing a detectable amount of controlled substances, namely, oxycodone, a Schedule II controlled substance, and hydrocodone, a Schedule III controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge, specifically, by using Fraudulent Prescriptions to obtain the controlled substances, in violation of Title 21, United States Code, Section 843(a)(3); and

b. to possess with the intent to distribute a mixture and substance containing a detectable amount of controlled substances, namely, oxycodone, a Schedule II controlled substance, and hydrocodone, a Schedule III controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

**COUNTS 5-10**
**Controlled Substance Act Violations**
**(21 U.S.C. § 841)**

25. Paragraphs 1 through 12 and 15 through 21 of the Indictment are realleged and incorporated by reference as though fully set forth herein.

26. On or about the dates identified below, in the Middle District of Louisiana, and elsewhere, the defendant, **CHRISTOPHER WILLIAM ARMSTRONG**, aided and abetted by others known and unknown the Grand Jury, including, for each count below, the specific individual referenced therein, did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of controlled substances:

| Count | Individual | Approximate Date | Prescription Number | Controlled Substance |
|---|---|---|---|---|
| 5 | G.A. | 07/18/2013 | 742757 | Hydrocodone – Schedule III |
| 6 | A.H. | 08/29/2013 | 182742 | Oxycodone – Schedule II |

| Count | Individual | Approximate Date | Prescription Number | Controlled Substance |
|---|---|---|---|---|
| 7 | G.G. | 09/10/2013 | 164453 | Oxycodone – Schedule II |
| 8 | A.H. | 10/01/2013 | 184416 | Oxycodone – Schedule II |
| 9 | G.G. | 10/11/2013 | 166333 | Oxycodone – Schedule II |
| 10 | G.A. | 10/29/2013 | 777298 | Hydrocodone – Schedule III |

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**NOTICE OF FORFEITURE**

27. Upon conviction for any of the offenses set forth in Counts 1 through 3 in this Indictment, the defendant, **CHRISTOPHER WILLIAM ARMSTRONG,** shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(7), all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds of the violations, including but not limited to a sum of money equal to the amount of the gross proceeds of the offenses.

28. Upon conviction for any of the offenses set forth in Counts 4 through 10 in this Indictment, the defendant, **CHRISTOPHER WILLIAM ARMSTRONG,** shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation.

29. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred, sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

UNITED STATES OF AMERICA, by

BRANDON J. FREMIN
UNITED STATES ATTORNEY

CHRISTOPHER B. BRINSON
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
UNITED STATES DEPARTMENT OF JUSTICE

DEMETRIUS SUMNER
ASSISTANT UNITED STATES ATTORNEY

**A TRUE BILL**

**REDACTED PER PRIVACY ACT**

GRAND JURY FOREPERSON

6/21/18
DATE

**Criminal Cover Sheet** **U.S. District Court**

**Place of Offense:** **Matter to be sealed:** ☐No ☒ Yes

City **Baton Rouge**

County/Parish **East Baton Rouge**

*Investigating Agency **DEA**
*Agent **Brian Stewart**

**Related Case Information:**

Superseding Indictment _______ Docket Number ___________
Same Defendant ______ New Defendant ___________
Magistrate Case Number ___________
Search Warrant Case No. ___________
R 20/ R 40 from District of ___________
Any Other Related Cases: ___________

**Defendant Information:**

Defendant Name: **Christopher William Armstrong**
Alias
Address:
Birthdate: SS #: Sex: **Male** Race: Nationality

**U.S. Attorney Information:**

AUSA **Demetrius D. Sumner** Bar # **PBN 321406**

**Interpreter:** ☒No ☐Yes **List language and/or dialect:** English

**Location Status:**

Arrest Date ____________

_______ Already in Federal Custody as of
_______ Already in State Custody
_______ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: 10

| Index Key/Code | Description of Offense Charged | Count(s) | Petty/ Misdemeanor/ Felony |
|---|---|---|---|
| 18:1347 | Health Care Fraud | 1-3 | F |
| 21:846 | Conspiracy to Violate the Federal Controlled Substances Act | 4 | F |
| 21:841(a)(1) | Possession with Intent to Distribute a Controlled Substance | 5-10 | F |
| | | | |

(May be continued on second sheet)

**Date:** 6/21/18 **Signature of AUSA:** [signature]

**District Court Case Number (To be filled in by deputy clerk):** ___________